SLIP OPINION



Cite as 2015 Ark. App. 449

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-14-1022

| | |
|---|---|
| LEOPOLDO D. APODACA<br>APPELLANT | **Opinion Delivered** September 9, 2015 |
| V. | APPEAL FROM THE UNION<br>COUNTY CIRCUIT COURT<br>[NO. CR-11-634] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE HAMILTON H.<br>SINGLETON, JUDGE |
| | REMANDED TO SETTLE THE<br>RECORD; REBRIEFING ORDERED |

**RAYMOND R. ABRAMSON, Judge**

Leopoldo D. Apodaca appeals from the Union County Circuit Court's revocation of his suspended sentence. On appeal, Apodaca argues that the circuit court erred by admitting out-of-court statements that violated the Confrontation Clause. We remand the case to the circuit court to settle the record.

On March 13, 2012, Apodaca pled guilty to aggravated cruelty to a dog, and the Union County Circuit Court sentenced him to twenty-four months' imprisonment in the Arkansas Department of Correction ("ADC") followed by a forty-eight-month suspended sentence. On June 25, 2014, the State filed a petition to revoke Apodaca's suspended sentence, alleging that he committed third-degree domestic battery against Amber Wallace on June 15, 2014. On July 24, 2014, the circuit court held a revocation hearing.

At the commencement of the hearing, the State requested a continuance because Wallace was not present to testify. The State noted that Detective Scott Harwell with the El Dorado Police Department had attempted to locate Wallace prior to the hearing, but he was unsuccessful. The circuit court denied the State's request and proceeded with the revocation hearing.

Detective Harwell then testified about his attempts to locate Wallace. Specifically, Harwell testified that he had called Wallace's mother on several occasions, but Wallace's mother informed him that she was not speaking to her daughter and had not seen her since the June 15 incident. Harwell stated that he had visited two different residences where he heard Wallace might be located, but he did not find her at those addresses. He also stated that he had identified telephone numbers for Wallace, but the numbers had been disconnected.

Officer Robert Seely with the El Dorado Police Department testified that on June 15, 2014, he performed a traffic stop on Wallace's brother for speeding. During the stop, Wallace's brother informed Seely that he was speeding to meet his sister who was injured. Seely then followed her brother to Wallace's location where he observed Wallace bleeding profusely from her mouth and holding both sides of her face. Seely further testified that Wallace had difficulty talking because of a swollen jaw. Seely asked Wallace what happened, and Wallace informed him that she had gotten into a physical altercation with her boyfriend, Apodaca.

During Seely's testimony, Apodaca's defense counsel objected, asserting that the testimony violated the Confrontation Clause because Wallace was not present at the hearing



and Apodaca could not cross-examine her. The circuit court overruled Apodaca's objection and noted that the State had "made a good-faith effort" to locate Wallace.

Apodaca then testified on his own behalf. He stated that he did not have a physical altercation with Wallace on June 15, 2014. He noted that he had seen Wallace and that they had gotten into a verbal disagreement, but Wallace's injuries "had nothing to do with [him]."

Following his testimony, the circuit court revoked Apodaca's suspended sentenced. The court noted that it was

> satisfied that the confrontation issue had been addressed. A good-faith effort ha[d] been made by the victim in this case . . . I'm satisfied with the information given to Officer Seely that the injuries suffered by . . . that he observed and suffered by the victim Amber Wallace were delivered by this defendant on June 15 of this year.

The court then sentenced Apodaca to four years' imprisonment.

Thereafter, on August 29, 2014, the circuit court entered a sentencing order indicating that Apodaca was found guilty by the court and was sentenced by the court, but the order additionally indicates that Apodaca voluntarily, intelligently, and knowingly negotiated a guilty plea. The Union County prosecutor also filed a short report of circumstances on August 29, 2014, that states that "[o]n July 24, the Defendant appeared before Hamilton H. Singleton and pled guilty." Thus, it is unclear to this court whether the circuit court found that Apodaca violated the terms and conditions of his suspended sentence or whether Apodaca pled guilty. Accordingly, we remand this case for the record to be settled and for the correction of the sentencing order within thirty days of the date of this order, and we order rebriefing. Apodaca has fifteen days after the record has been settled to file a substituted abstract, addendum, and brief. The State will likewise be given the opportunity to file a responsive brief. We



encourage the parties to carefully examine the record and review our rules to ensure that no additional deficiencies are present.

Remanded to settle the record; rebriefing ordered.

GRUBER and HOOFMAN, JJ., agree.

*N. Mark Klappenbach*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.